UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REBECCA SHANNA RUTLAND
HOLLADAY

VERSUS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR FIST
FRANKLIN MORTGAGE LOAN TRUST,
ET AL

CIVIL ACTION

NO. 10-448-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 1, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REBECCA SHANNA RUTLAND
HOLLADAY

VERSUS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR FIST
FRANKLIN MORTGAGE LOAN TRUST,
ET AL

CIVIL ACTION

NO. 10-448-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss or in the Alternative Motion for Summary Judgment filed by defendant United States Small Business Administration. Record document number 6. No opposition has been filed.

Plaintiff filed suit in state court against defendants Deutsche Bank National Trust and the United States Small Business Administration (hereafter, SBA). The SBA removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1). As to the SBA, the plaintiff alleged that she "acquired and obtained a commitment from the S.B.A. to release a mortgage in the approximate amount" of $20,000.[1] She further alleged that "[i]n contravention of its commitment, S.B.A. proceeded with an action which resulted in the reinstitution of the obligation by plaintiff to S.B.A." and that the "S.B.A. has now seized tax refunds and has instituted a monthly

---

[1] Record document number 1, attached Petition, ¶ 6.

garnishment for payment of the indebtedness."[2]  Plaintiff did not allege that the SBA was not authorized by law to seize her tax refunds or institute a garnishment to recover any indebtedness to it which she may have owed.

The SBA moved to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., or for summary judgment under Rule 56, Fed.R.Civ.P., relying on a Statement of Uncontested Material Facts,[3] various documents related to the transaction with the plaintiff,[4] and the affidavit of SBA District Counsel Alan J. Wells.[5]  The SBA argued there is no evidence that it ever remitted, i.e. released, the plaintiff from her debt or the mortgage.

### Summary Judgment Standard

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury

---

[2] *Id.* ¶¶ 7, 8.

[3] Record document number 6-9.

[4] Record document numbers 6-3, 6-6 and 6-7.

[5] Record document number 6-8.

that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence, or resolve factual disputes. *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). On summary judgment, evidence may only be considered to the extent not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

Under Louisiana law, a debt may be remitted, i.e. released. A remission may be express or tacit. Louisiana Civil Code article 1888. When the obligee (the SBA in this case) voluntarily surrenders to the obligor (the plaintiff) the instrument which evidences the obligation (the promissory note) a presumption arises that the obligee intended to remit the debt. Louisiana Civil Code article 1889. However, release of real security (the plaintiff's

property) given to secure payment of the debt does not give rise to presumption of remission of the debt.  Louisiana Civil Code article 1891.

## Analysis

Plaintiff has not opposed the defendant's motion, and consequently has not come forward with any evidence to create a genuine dispute as to any material fact.  From her state court Petition it is apparent the plaintiff does not dispute that she incurred an obligation to SBA, specifically in the form of the promissory note in the amount of $21,800 signed April 13, 2006, which was subsequently secured by the mortgage on her home signed June 5, 2006.[6]  Plaintiff did not actually allege in her Petition that the SBA ever released her from that promissory note, nor did she allege that it cancelled the mortgage securing it.  As the SBA has shown, it only agreed to cancel its mortgage if she sold the property.  Plaintiff did not sell her property, and the request to cancel the SBA mortgage was never filed.  But even if the SBA had canceled the mortgage, under Louisiana law that alone would not remit the underlying debt.  Co-defendant Deutsche Bank National Trust, which held a first mortgage, foreclosed on the property and acquired it at a sheriff's sale in 2008.  There was nothing left over from the sheriff's sale to apply to the plaintiff's indebtedness to the SBA.

---

[6] Record document number 6-4, U.S. Small Business Administration NOTE; record document number 6-5, Multiple Indebtedness Mortgage.

Because there is no summary judgment evidence that the SBA ever, either expressly or tacitly, remitted the plaintiff's debt or canceled its mortgage, defendant SBA is entitled to summary judgment.[7]

### Recommendation

It is the recommendation of the magistrate judge that summary judgment be granted dismissing the plaintiff's claims against defendant United States Small Business Administration.

Baton Rouge, Louisiana, November 1, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] It is not necessary to determine whether the SBA is also entitled to dismissal under Rule 12(b)(6).